IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:91cr035 |
|  | | Civil Case No. 3:05cv0202 |
| Plaintiff-Respondent | : | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| GABRIEL CARL BARBER, | : | |
| Defendant-Petitioner. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court for initial review of Defendant's Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. §2255 (Doc. # 59) in accordance with Rule 4 of the Rules Governing §2255 Motions. Petitioner pleads one ground for relief:

> 222 Month Sentence, is 60 months longer than what is allowable, in violation of my Sixth Amendment Rights.
>
> **Supporting Facts**: With a high sentencing range of 162 months, for a Offense level 27 and Criminal History Category VI (6). The sentencing range is 130 to 162 months. The Court added an additional 60 months above the high end of the sentencing guideline range. The Court cited its reason for going above the guideline range was for Movant's conduct in the county jail. Movant had already been found guilty of bank robbery. And none of Movant's conduct in the county jail was not charged in the indictment, nor found guilty of by the jury that returned a guilty verdict for bank robber in federal Court. The 60 months should not have been granted.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Barber explains that this issue was not raised on appeal because "It was not an appealable issue at the time of direct appeal. But due to recent U.S. Supreme Court decision, I can now address the 60 additional months." (Doc. # 59 at 4). Petitioner further explains "The reason this ground was not presented before is because there was no legal standing until a recent U.S. Supreme Court ruling that was decided on June 24, 2004." (Doc. # 59 at 9).

The record reflects that Petitioner was found guilty by a jury of the charge of Armed Bank Robbery in 1991 and his appeal became final in 1992. (Doc. # 60). Petitioner was sentenced to 222 months to run consecutive to the 19-45 year sentenced imposed in State Court. He was released to the custody of the State of Ohio to serve his state sentence prior to his federal sentence. *Id.*

Barber refers to a June 24, 2004 decision of the United States Supreme Court which presumably refers to *Blakely v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004) in challenging the additional 60 months because the trial judge determined the facts upon which those additional months were based. However, the Sixth Circuit Court of Appeals has held that the *Blakely* decision (as well as the subsequent case of *United States v. Booker*, 125 S. Ct. 738 (2005)) is not applicable to cases on collateral review, i.e., cases brought under 28 U.S.C.§ 2255. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).

Petitioner's case is clearly brought on collateral review some twelve years after his case became final. Barber's § 2255 petition is therefore not well taken and should be denied with prejudice. Reasonable jurists would not disagree with the foregoing analysis. Thus, Barber should also be denied both a certificate of appealibility and leave to proceed *in forma pauperis*.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Gabriel Carl Barber's 's Petition to Vacate Sentence (Doc. # 59) be DENIED and DISMISSED with prejudice;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

June 6, 2005

                                               s/ Sharon L. Ovington
                                                   Sharon L. Ovington
                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).